# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4884 | **DATE** | 8/15/2007 |
| **CASE TITLE** | Kenneth McCready vs. Linebarger Goggan Blair & Sampson, LLP. *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss is denied. A status hearing is set for October 11, 2007.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

In August 2002, the City of Chicago obtained an administrative judgment in the Circuit Court of Cook County against plaintiff Kenneth A. McCready for $5,710 in unpaid parking fines and late charges. (It is unclear whether McCready has now paid off this debt, but this fact is not relevant to the current motion.) Plaintiff filed this lawsuit alleging that the City, in trying to collect on this judgment, hired the law firm Linebarger Goggan Blair & Sampson, LLP ("Linebarger") and that the City and Linebarger obtained his credit report in violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff is also seeking to bring a class action against each defendant, although the class certification issue is not before the Court now.

Defendants have filed a motion to dismiss under Rule 12(b)(6). Their primary argument is that they had a permissible purpose to access plaintiff's credit report under §1681b(a)(3)(A) of the FCRA. They also argue, in more abbreviated fashion, that plaintiff has failed to plead facts that would prove that his claims are not untimely. The latter argument is not viable because it is well settled under federal notice pleading rules that a plaintiff need not plead facts nor anticipate affirmative defenses such as the statute of limitations. *See United States Gypsum Co. v. Indiana Gas Co.,Inc.*, 350 F.3d 623, 626 (7th Cir. 2003); *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005) ("Complaints need not anticipate or attempt to defuse potential defenses.").

Turning then to defendants' main argument, we note that this is an issue that has not been resolved in the courts (in particular, the Seventh Circuit has yet to issue a decision) and that there are good faith arguments on both sides. Stated in simple terms, the issue is whether a judgment creditor has a permissible purpose under the FCRA to access a person's credit report when the underlying debt did not arise out of a consumer transaction. Defendants rely on subsection (a)(3)(A), which states that a party has a permissible purpose to obtain a credit report if it

> intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]

**STATEMENT**

Defendants focus on the phrase "collection of an account" and rely on *Hasbun v. County of Los Angeles*, 323 F.3d 801 (9th Cir. 2003). In *Hasbun*, the Ninth Circuit analyzed whether a child support enforcement agency had a permissible purpose to obtain the credit report of a man who had fallen behind in paying court-ordered child support. *Id.* at 802. In holding that the agency had a permissible purpose under subsection (a)(3)(A), the Ninth Circuit relied heavily on the following statement by the Federal Trade Commission ("FTC"): "A judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with the collection of the judgment debt, because it is in the same position as any creditor attempting to collect a debt from a consumer who is the subject of a consumer report." *Id.* at 803 (quoting 16 C.F.R. Pt. 600, App. at 509 (2002)). Defendants also cite to a few other district courts that have reached similar conclusions. *See Baker v. Bronx-Westchester Investigations, Inc.*, 805 F. Supp. 260, 262-63 (S.D.N.Y. 1994); *Korotki v. Attorney Services Corp., Inc.*, 931 F. Supp. 1269, 1277 (D. Md. 1996).

The counter-argument, advanced by plaintiff, is that the judgment creditor theory cannot be reconciled with the explicit language of subsection (a)(3)(A) which must override any FTC commentary to the contrary. Plaintiffs rely heavily on Judge Grady's recent decision in *Miller v. Trans Union LLC*, 2007 WL 641559 (N.D. Ill. Feb. 28, 2007). After analyzing the text, history, and structure of the relevant FCRA provisions, Judge Grady agreed with the argument plaintiff here is now advancing. Specifically, Judge Grady found that the language of subsection (a)(3)(A) requires a "nexus to a credit transaction" based on the first clause of the subsection that requires that the party seeking the report intend to use it "in connection with a credit transaction involving the consumer." *Id.* at 4. This first clause, Judge Grady concluded, carries over and applies to the phrase "collection of an account" in the second clause, the result being that the account at issue must arise out of a credit transaction. *Id.* Judge Grady concluded that this interpretation was consistent with one of the important purposes behind the FCRA, which was the protection of consumer privacy especially in cases where there is no consent. *Id.* at 5. Judge Grady also relied on the fact that 2003 amendments to the FCRA specifically added a definition of the word "credit" that is framed in terms of a creditor deferring payment to a debtor. *Id.*

Although both sides have made reasonable arguments, we find plaintiff's argument more persuasive. We agree with Judge Grady's thorough analysis and also find that the statutory language is clear. As for the policy concerns, Judge Grady has raised a valid point that the FCRA was enacted to protect consumer privacy as well as to promote efficiency in our country's banking system. *See generally TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). These purposes would not be furthered by construing the statutory language to help a Municipality collect parking fines. At the same time, we also recognize that the privacy concern here is somewhat different from the typical case in that plaintiff has already been involved in lawsuit in which a judgment has been rendered.

In response to *Miller*, which was issued after defendants filed their opening brief, defendants submitted a response brief and argued that they also had a permissible purpose under a separate subsection – (a)(3)(F). But this argument is unavailing for two reasons. First, defendants in their opening memorandum never raised this subsection as a defense. In fact, in their reply brief (at p.3), they sought to distinguish cases cited by plaintiff by noting that they concerned subsection (a)(3)(F) and that those cases therefore "have no bearing on the present case." Second, the argument under this subsection is more attenuated because defendants must show that plaintiff "initiated" a "business transaction." 15 U.S.C. § 1681b(a)(3)(F)(i). Defendants try to do so by asserting that plaintiff initiated the transaction "by choosing to park on City Streets." (Defs. 5/11/07 Resp. at 4.) We find that this interpretation, without some other corroborative evidence, is too strained. Among other things, we note that the FTC commentary in the current Code of Federal Regulations contains a paragraph discussing litigation. *See* 16 C.F.R. Pt. 600, App. at p. 503 (2007). It states that a permissible purpose would exist if the underlying transaction which is the subject of litigation was a business transaction

**STATEMENT**

but not if it arose from a tort. *Id.* For all the reasons set forth above, the motion to dismiss is denied.